On respondent's petition for reconsideration filed October 26, reconsideration allowed; former opinion (202 Or App 73, 121 P3d 13) modified and adhered to as modified December 7, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## TAMARA MARIE HOLCOMB,
*Appellant.*

02CR0999FE; A120471

125 P3d 22

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Senior Assistant Attorney General, for petition.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

HASELTON, P. J.

* Rosenblum, J., *vice* Ceniceros, S. J.

**HASELTON, P. J.**

The state petitions for limited reconsideration of our opinion, *State v. Holcomb*, 202 Or App 73, 121 P3d 13 (2005), asking that we modify one sentence in the opinion to forestall potential future misunderstanding. We allow the petition and adhere to our opinion as so modified.

■       Our original opinion includes the following sentence: "Here, Bradburn's [the officer's] conduct in obtaining defendant's identification effected a stop." 202 Or App at 77. We then cited *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), in support of that conclusion. *Holcomb*, 202 Or App at 77. The state points out that, in *Hall*, the Supreme Court, in holding that a stop had occurred, noted both that the officer had taken the suspect's identification and that the officer had subsequently conducted a warrant check. *See Hall*, 339 Or at 19. Indeed, in *Holcomb*, we so characterized *Hall*. *See* 202 Or App at 77 ("In *Hall*, the court held that taking a suspect's identification and calling dispatch to conduct a warrant check constitutes a stop."). Here, the state acknowledges that the officer who took defendant's identification did, in fact, subsequently conduct a warrant check while retaining defendant's identification. The state reasons that it is unnecessary for us to determine in the circumstances presented here whether "mere obtaining" of identification, without more, effected a stop— and that any suggestion or implication to the contrary is potentially misleading.

■       We agree with the state that this case does not present the issue of whether, or in what circumstances, "mere obtaining" of identification can effect a stop. *Accord State v. Atkin*, 190 Or App 387, 391-92, 78 P3d 1259 (2003), *rev den*, 339 Or 230 (2005) (holding that officer's retention of identification for less than a minute effected a stop where, while retaining the identification, the officer "radioed headquarters to determine whether [the defendant] was a criminal, asked her if the purse she identified as hers contained weapons or drugs, and asked for consent to search the purse"). We further agree with the state that the single disputed sentence could be understood, at least implicitly, to decide that issue. Accordingly, we modify that sentence to read as follows:

"Here, Bradburn's conduct in obtaining defendant's identification and retaining that identification while conducting a warrant check effected a stop."

Reconsideration allowed; opinion modified and adhered to as modified.